UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

C. NICHOLAS WATSON,

                              Plaintiff,

                                                        DECISION AND ORDER

                                                        06-CV-6269L

              v.

AMERICAN RED CROSS BLOOD SERVICES
New York - Penn Region,

                              Defendant.
_____

## INTRODUCTION

Plaintiff C. Nicholas Watson ("plaintiff") instituted this action against his former employer,

defendant American Red Cross Blood Services, New York-Penn Region ("the Red Cross" or

"defendant"), alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e *et seq*., and the New York Human Rights Law, N.Y. EXEC. L. § 292 *et seq*.

Plaintiff, an African-American, alleges a racially offensive hostile work environment, disparate

treatment in the terms and conditions of his employment, and retaliation for complaining about

discrimination.

Before the Court is defendant's motion for partial dismissal of plaintiff's complaint, filed

pursuant to Federal Rules of Civil Procedure 12(b)(6).

**DISCUSSION**

**I.  Motion to Dismiss Standards**

A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir.1994). In considering such a motion, the Court accepts the factual allegations alleged in the complaint as true and draws all inferences in plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). Furthermore, "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference …." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir.1996).

Of particular relevance here, "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).  Instead, Rule 8 requires only that a complaint "contain … a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). "While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996).

**II. Timeliness of Hostile Work Environment Claims**

Defendant argues that plaintiff's claim alleging a hostile work environment should be dismissed because it is based solely on allegations of fact that are untimely.  I disagree.

Under Title VII, discriminatory acts occurring within 300 days of the date of plaintiff's EEOC charge are timely.  *See* 42 U.S.C. § 2000e-5(e)(1).  Likewise, claims of discrimination pursuant to the Human Rights Law are timely if filed with the State Division of Human Rights within one year of the discriminatory conduct.  N.Y. Exec. L. § 297(5).

In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the Supreme Court addressed the manner in which statutes of limitations apply to claims of discrimination based on a hostile work environment, which inherently are of a continuous and ongoing nature.  In *Morgan*, the Supreme Court noted that hostile environment claims are different in kind from discrete acts of discrimination.  Such a practice occurs over a series of days and all the circumstances must be considered in determining whether the work environment is truly hostile.  536 U.S. at 115-17.

Relative to the statute of limitations, the Court noted that the claim must be filed administratively within 300 days "after the alleged unlawful employment practice occurred."  536 U.S. at 117.  Specifically, the Supreme Court held that:

> The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability ….
>
> Given, therefore, that the incidents comprising a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim. In order for the charge to be timely, *the employee need only file a charge within…300 days of any act that is part of the hostile work environment*.

*Morgan*, 536 U.S. at 117-18 (emphasis supplied).

In his complaint, plaintiff alleges that, "*[d]uring his employment* with Defendant, Plaintiff was subjected to a racially offensive and hostile work environment, subjected to different terms and conditions of employment than were similarly situated white employees, discriminated against in terms of his opportunities to perform his job, rights and privileges associated with the job, and retaliated against for having complained about discrimination and discriminatory practices." (Complaint ¶12).   Plaintiff's EEOC charge likewise states in ¶2 that, "[d]uring [his] *entire employment* with the Respondent [he] was subjected to a racially offensive and hostile work environment…"; at ¶6 that, "*[d]uring [his] employment* [he] ha[s] been referred to as Jungle Bunny, Coca Puff, and a Smart as[s] Nigger"; and at ¶10 that he, "believe[s] that *during the duration of [his] employment*, [he] was subjected to a racially offensive and hostile work environment…." (emphasis supplied).

In addition, plaintiff's complaint contains specific allegations that, throughout 2003 and 2004, he was not allowed to have access to a computer system, he was denied "out of title" pay, his evaluations of white employees were challenged, that he was otherwise treated differently by managers, coworkers, and supervisors, and eventually terminated in May 2004, all because of his race.

Plaintiff filed a charge of discrimination with the EEOC and the State Division of Human Rights on December 29, 2004.  Therefore, his hostile work environment claim will be timely under Title VII so long as plaintiff alleges that at least one act contributing to the alleged hostile environment occurred on or after March 3, 2004.  Likewise, the claim will be timely under the Human Rights Law if one act occurred on or after December 29, 2003.

- 4 -

The gravamen of defendant's argument is that plaintiff alleges a hostile work environment claim based solely on racially derogatory statements directed toward plaintiff in August 2003. Thus, for a claim based on those remarks to be timely under Title VII, they must have been raised in an administrative charge of discrimination filed in or before June 2004; for the Human Rights Law claim to be timely, the remarks would have to have been raised in a charge of discrimination filed in or before August 2004.  Plaintiff, however, did not file his administrative charge until December 2004.  Defendant also contends that dismissal of the hostile work environment claim is warranted because plaintiff's complaint does not allege that any "harassing behavior" occurred after March 3, 2004.  Therefore, the rule set forth in *Morgan, supra*, is inapplicable to this case because no act that could be construed as part of the hostile work environment occurred within the timely period.

Defendant's construction of plaintiff's complaint is too narrow.  Defendant points to one paragraph in the whole of the complaint, and claims that dismissal is warranted because the specific facts alleged therein appear to be untimely.  As plaintiff points out, a hostile work environment claim is not based solely on allegations of racial slurs or derogatory remarks.  Other incidents of different treatment based on race that are related to the terms and conditions of employment also can constitute acts contributing to a hostile work environment.  *See, e.g., Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir.2002)  ("In a hostile work environment case, … plaintiff [may] build [his] case partly by adducing incidents for which the link to any discriminatory motive may, in the first instance, appear tenuous or nonexistent. The plaintiff must, however, establish … that incidents apparently [race]-neutral were in fact motivated by bias.").

Although the complaint is not entirely specific about the *exact dates* of certain incidents, that is not required at this stage of the litigation.  Under the notice pleading practice established by Rule 8, plaintiff is not required to set forth all facts on which he relies to support his claim.  *Swierkiewicz*, 534 U.S. at 511-13.

Plaintiff, therefore, has alleged facts sufficient to allow a reasonable inference that the defendant created a hostile work environment and that certain acts contributing to that claim occurred after December 2003 and March 2004.  Any doubt in this respect must be resolved in plaintiff's favor. Accordingly, all of the allegations plaintiff raises in support of his hostile work environment claim could be considered timely, assuming, of course, that plaintiff can prove that they are all part of the same hostile work environment claim. *See Morgan*, 536 U.S. at 122 ("A charge alleging a hostile work environment claim, however, will not be time barred *so long as all acts which constitute the claim are part of the same unlawful employment practice* and at least one act falls within the time period.") (emphasis supplied).

At this stage, the Court cannot weigh the sufficiency of the evidence to support a conclusion that plaintiff was subjected to a hostile work environment. Rather, the Court may determine only whether plaintiff is entitled to offer such evidence on even the remote possibility of such a conclusion. *See Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996) (on Fed.R.Civ.P. 12(b)(6) motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims") (internal quotation marks and citations omitted); *see also Swierkiewicz,* 534 U.S. at 512 (the "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.").

**CONCLUSION**

Defendant's motion for dismissal of plaintiff's hostile work environment claim (Dkt. #4) is

DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       January 5, 2007.